**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor O. Dema, | No. CV-08-2081-PHX-DGC |
| Plaintiff; and | **ORDER** |
| Francisco J. Flores, | |
| Real Party in Interest. | |
| vs. | |
| Allied Towing and Auto Sales Company, | |
| Defendant. | |

Plaintiff Victor Dema has filed a motion to proceed in forma pauperis and motion to change judge. Dkt. ##3-4. For reasons stated below, the Court will deny the motions.

**A.   Motion to Proceed In Forma Pauperis.**

Plaintiff is not an inexperienced litigant. He has brought thirteen actions in this Court. All have been dismissed.[1] He also has filed at least fifteen cases in Arizona state court.[2]

---

[1] *See Dema v. Lin*, CV-05-2561-SMM; *Dema v. Mesa*, CV-05-3435-EHC; *State v. Dema*, CR-06-503-EHC; *Dema v. Anderson*, CV-06-2190-DGC; *State v. Dema*, CV-06-3034-MHM; *Dema v. Allied Towing*, CV-07-100-NVW; *Dema v. Staffmark Agency*, CV-07-216-ROS; *Dema v. Arizona*, CV-07-726-DGC; *Dema v. Burley*, CV-07-472-FJM; *Dema v. Snell & Wilmer*, CV-07-473-DGC; *Dema v. State*, CV-07-2441-DGC; *Dema v. Goddard*, CV-08-359-DGC; *Dema v. State*, CV-08-900-LOA.

[2] *See* http://www.superiorcourt.maricopa.gov/docket/CivilCourtCases/caseSearch.asp (search for "Victor Dema").

The present complaint asserts various federal and state law claims based on Defendant's alleged unlawful seizure of a vehicle owned by Francisco Flores. Dkt. #1.[3] Plaintiff purports to represent Mr. Flores in this action on the ground that Mr. Flores is "a next of friend of the Plaintiff." Dkt. #1 at 5.

Plaintiff may not bring this action on behalf of Mr. Flores. Under Rule 17 of the Federal Rules of Civil Procedure, "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). While there are several exceptions to this rule, none of them applies to this case. *See* Fed. R. Civ. P. 17(a)(1)(A)-(F). Moreover, only members of the bar of this Court may practice law in this District. LRCiv 83(b). Because Plaintiff is neither a licensed attorney nor a member of the Court's bar, he may not represent Mr. Flores in this action. *See Dema v. State*, CV-08-900-LOA (Dkt. #7) (holding that Plaintiff was prohibited from representing his minor children).

To the extent Plaintiff seeks to assert claims on his own behalf, the Court will deny the motion to proceed in forma pauperis. "'[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citation omitted). The Court finds that requiring Plaintiff to pay filing fees and court costs is appropriate in light of his propensity for filing frivolous and repetitive lawsuits. *See, e.g.*, *Dema v. Lin*, CV-05-2561-SMM (Dkt. #3) (denying motion to proceed in forma pauperis and noting that the complaint appeared frivolous for duplicating litigation in state court); *Dema v. Burley*, CV-07-472-FJM (Dkt. #29) (denying motion to proceed in forma pauperis on the ground that if Plaintiff chooses "to continue to abuse the system, he should do so at his own expense"); *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (affirming denial of motion to proceed in forma pauperis where "the plaintiff was placing a great burden

---

[3] Plaintiff filed a similar complaint against Defendant in January 2007. *See Dema v. Allied Towing*, CV-07-100-NVW (Dkt. #1). That action was dismissed for failure to serve process. *See id.* (Dkt. #13).

- 2 -

on the court by his several previous filings and attempted filings"); *see also Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege, not a right."); *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963) (the privilege "is a matter within the discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances").

Plaintiff's motion to proceed in forma pauperis will be denied. If Plaintiff wishes to litigate claims asserted on his own behalf, he shall pay the filing fee of $350.00 by **December 26, 2008**. Plaintiff may not assert claims on behalf of Mr. Flores.

### B.    Motion to Change Judge.

Plaintiff asks the Court to recuse "on grounds of bias and prejudice within all previous Plaintiff's cases assigned to, and adjudicated by[,] the [Court]." Dkt. #4. Plaintiff cites no legal authority in support of his request. *See id.*

Two statutes govern recusal of district judges: 28 U.S.C. §§ 144 and 455. Section 144 applies when a party to a proceeding believes that the district judge "has a personal bias or prejudice either against him or in favor of any adverse party[.]" 28 U.S.C. § 144. "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Because Plaintiff has submitted no affidavit, his request for recusal may not be granted under section 144.

Section 455 provides that a district judge shall disqualify himself in any proceeding "[w]here he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(b)(1). The bias or prejudice generally "must stem from an extrajudicial source and not be based solely on information in the course of the proceedings." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045-46 (9th Cir. 1987). Other than generally referencing prior cases assigned to this judge, Plaintiff has identified no reason for recusal. Moreover, none of the Court's prior rulings "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Recusal is not appropriate under section 455. The Court will deny the motion to change judge.

**IT IS ORDERED:**

1. Plaintiff's motion to proceed in forma pauperis (Dkt. #3) is **denied**.
2. Plaintiff shall pay the filing fee of $350.00 by **December 26, 2008**.
3. The Clerk is directed to enter dismissal of this action without further notice if Plaintiff fails to comply with this order.
4. Plaintiff's motion to change judge (Dkt. #4) is **denied**.

DATED this 8th day of December, 2008.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge